IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARILYN ECHEVARRÍA-DE PENA<br><br>    Plaintiff<br><br>        v.<br><br>UNITED STATES OF AMERICA, et al.<br><br><br>    Defendants | CIVIL NO. 11-1388(PG) |

## MOTION FOR CHANGE OF VENUE

TO THE HONORABLE COURT:

COME NOW all Federal Defendants, with the exception of Mr. Charles McCormick, who as of this date has not been served with process, to petition the Court through the undersigned attorneys for a change of venue for this case to the U.S. District Court of Florida in order for it to entertain plaintiff's Amended Complaint or dismiss it for lack of subject-matter jurisdiction.

**INTRODUCTION**

The plaintiff, Marilyn Echevarría-De Pena, is the wife of former inmate Samuel Pena-Ruiz, register number 26366-069, who died on October 30, 2008, while confined at the Federal Correctional Institution in Miami, Florida. The plaintiff brings an FTCA/Bivens action alleging wrongful death and deliberate indifference to her deceased husband's medical needs. Specifically, the plaintiff alleges that the United States (via the employees of the Bureau of Prisons) negligently designated inmate Samuel Pena-Ruiz to a medical facility, and failed to provide him with reasonable and proper care while in custody, and also failed to provide emergency medical treatment immediately prior to his death. **See Complaint ¶ 6**. The plaintiff further alleges that the individually named defendants failed to either provide training to staff on how to handle medical emergencies;

Marilyn Echevarría-de Pena v. USA, et al.
Civil No. 11-1388(PG)
Page 2

failed to provide training in CPR to staff; failed to provide CPR to Mr. Pena-Ruiz; ignored and

delayed a quick medical response to Mr. Pena-Ruiz; and as such, caused the death of Mr. Pena-Ruiz.

The plaintiff alleges the individually-named defendants were deliberately indifferent to Mr. Pena-

Ruiz's medical condition and needs, and as such, violated his constitutional rights. Consequently,

the plaintiff is seeking $1 million in compensation.

**PROCEDURAL HISTORY**

    A.    On May 13, 2010, plaintiff's administrative tort claim was received at the Southeast

        Regional Office in Atlanta, Georgia. That claim was given administrative tort claim

        number 2010-03921. (**Attachment 1**).

    B.    On October 28, 2010, the plaintiff's administrative claim was denied.

    C.    On April 24, 2011, the plaintiff filed this lawsuit.

**PARTIES**

    The plaintiff, Marilyn Echevarría De Pena, is the wife of former inmate Samuel Pena-Ruiz,

register number 26366-069, who died on October 30, 2008, while confined at the Federal

Correctional Institution in Miami, Florida.

**SUBJECT-MATTER JURISDICTION**

    Plaintiff invokes the jurisdiction of the district court under the Federal Tort Claims Act 28

U.S.C. §2671, *et seq.* And for the Bivens action, 28 U.S.C. §1346(b), 42 U.S.C. §1983, and 28

U.S.C. §1331.

**VENUE**

    Venue for an FTCA action is governed under 28 U.S.C. §1402(b), which provides that any

Marilyn Echevarría-de Pena v. USA, et al.
Civil No. 11-1388(PG)
Page 3

civil action on a tort claim against the United States under subsection (b) of 1326 may be prosecuted

only in the judicial district where the plaintiff resides or wherein the act or omission complained of

occurred. In this case, the claimed negligent acts occurred at FCA Miami, a federal institution within

the Southern District of Florida. However, because the plaintiff resides in the District of Puerto Rico,

venue is proper with respect to the FTCA action.

Venue for the Bivens action is governed by 28 U.S.C. §1391(b), which provides:

**(b)** A civil action where jurisdiction is not founded solely on diversity of citizenship may, except as

otherwise provided by law, be brought only in

**(1)** a judicial district where any defendant resides, if all defendants reside in the same State,

**(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim

occurred, or a substantial part of property that is the subject of the action is situated, or

**(3)** a judicial district in which any defendant may be found, if there is no district in which the action

may otherwise be brought.

Since the named defendants reside in Florida, and the events or omissions giving rise to the

claim occurred in Florida, venue is only proper in the Southern District of Florida.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

28 U.S.C. §2675 requires that no action be brought against the United States pursuant to the

FTCA unless the claimant shall have first presented the claim to the appropriate Federal agency and

his claim shall have been finally denied by the agency in writing and sent by certified or registered

mail. 28 U.S.C. §2675(a); see Burchfield v. United States, 168 F.3d 1252, 1254 (11th Cir. 1999).

When seeking relief under the FTCA, a party is first required to file an administrative tort claim. The

Marilyn Echevarría-de Pena v. USA, et al.
Civil No. 11-1388(PG)
Page 4

[FTCA] provides that an action shall not be instituted upon a claim against the United States for money damages' unless the claimant has first exhausted his administrative remedies." <u>McNeil v. United States</u>, 508 U.S. 106, (1993).

Although plaintiff filed an administrative tort claim which was denied, she filed the claim as an individual, and not the personal representative of the deceased's estate. Pursuant to 28 C.F.R. §14.3(c), an administrative claim based upon death "may be presented by the executor or administrator of the decedent's estate, or by any other personal legally entitled to assert such claim in accordance with applicable state law." Since the alleged negligence, wrongful act, or omission occurred in Florida, the court should apply the law of Florida. *See* 28 U.S.C. §1346(b)(1). Accordingly, the administrative tort claim that was filed by plaintiff is improper as she is not the representative of the estate. (**Attachment 1**)

Florida law dictates that only the personal representative has standing to bring a wrongful suit on behalf of the estate and the survivors, "the action shall be brought by the decedent's personal representative, who shall be brought by the decedent's survivors and estate all damages, as specified in this act, caused by the injury resulting in death" Fla. Stat §768.20. (**Attachment 2**). Accordingly, since the plaintiff filed the administrative tort claim as an individual (the next of kin and spouse/widow), not as the personal representative of the deceased's estate, she lacked authority to file the administrative claim. There is no evidence that plaintiff has been appointed as the personal representative of decedent's estate, and as such she lacks standing to bring this suit. (**Attachment 1**)

The allegations regarding defendant Pastrana, the Warden at FCI Miami on October 30, 2008,

Marilyn Echevarría-de Pena v. USA, et al.
Civil No. 11-1388(PG)
Page 5

the allegations against were with respect to his alleged failure to provide protocols to staff on how to respond to a medical emergency. The Bureau of Prisons has established protocols on how to respond to a medical emergency. The Bureau of Prisons has established protocols on how to respond to such emergencies. In this case, when staff were notified of the incident, a medical emergency was called and staff immediately responded to the area. Dr. Monserrate was among the first to respond and contrary to the allegations in the Complaint, CPR was immediately started and did not end until the paramedics arrived and took over Mr. Pena-Ruiz's care. Therefore, federal defendants Pastrana, Monserrate and McCormick are all entitled to qualified immunity as they acted within the scope of their federal employment at the time related in the complaint. They reserve the right to further argue for their qualified immunity later onward in the proceedings for this case. As to Mr. McCormick, as of this date he has not been served with process. Since more than 120 days after the filing of the complaint have elapsed without plaintiff serving process, the complaint against him is to be dismissed under F.R.C.P. 4(m).

**LAW AND ANALYSIS**

**a. Venue is Improper**

The plaintiff brings this action as an FTCA/Bivens action. Venue for an FTCA action is governed under 28 U.S.C. §1402(b), which provides that any civil action on a tort claim against the United States under subsection (b) of 1326 may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred. Venue for the FTCA is appropriate in the District of Puerto Rico, however, the Bivens portion of the case is not.

Venue in a Bivens action is governed by 28 U.S.C. §1391(b), provides:

<u>Marilyn Echevarría-de Pena v. USA, et al.</u>
Civil No. 11-1388(PG)
Page 6

**(b)** a civil action where jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in

**(1)** a judicial district where any defendant resides, if all defendants reside in the same State,

**(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or

**(3)** a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

The individually-named defendants all reside in the State of Florida. Two of the three defendants reside in the Southern District of Florida, while defendant Pastrana resides within the Middle District of Florida. All the events or alleged omissions that give rise to the claim occurred in the Southern District of Florida. Accordingly, venue in the District of Puerto Rico is not appropriate, and this case should be transferred to the Southern District of Florida. In the interest of justice, the entire action should be transferred to the Southern District of Florida, as the facts and circumstances are the same under both the FTCA and the Bivens.

**b. The Court Lacks Jurisdiction**

Plaintiff brings a Bivens action against several defendants alleging that her spouse's constitutional rights were violated. Plaintiff lacks standing to bring a Bivens claim asserting alleged violation of her spouse's constitutional rights. A civil action under either §1983 or <u>Bivens</u> must be based upon the violation of plaintiff's personal rights. *See* <u>Archuleta v. McShan</u>, 897 F.2d 495, 497 (10th Cir. 1990).

In FTCA actions, the government's liability is determined in accordance with the law of the

Marilyn Echevarría-de Pena v. USA, et al.
Civil No. 11-1388(PG)
Page 7

place where the act or omission occurred. 28 U.S.C. §1346(b); Doe v. United States, 718 F.2d 1039, 1042 (11th Cir. 1983); Cowart v. United States, 617 F.2d 112, 115 (5th Cir. 1980). As previously stated, under Florida statute, only the personal representative has standing to bring a wrongful death suit on behalf of the estate and the survivors, "the action shall be brought by the decedent's survivors and estate all damages, as specified in this act, caused by the injury resulting in death". Fla. Stat §768.20.

The plaintiff in this case, María Echevarría de Pena, has brought this action as an individual and not as the personal representative of the estate of the deceased. There have been no documents filed indicating the plaintiff has been named the personal representative of the decedent's estate, and there is no indication in administrative tort claim filing, or in her lawsuit that allege that plaintiff is the personal representative. The statutory mechanism for bringing a wrongful death action, section 786.16, *et seq.*, requires that the single cause of action for wrongful death be brought by the personal representative. *See* Talan v. Murphy, 443 S.2d (Fla. App. 3 Dist., 1983).

Since plaintiff is named as an individual, and not as decedent's personal representative, she has no standing to bring this wrongful death action. Moreover, even if this case is amended, and the paperwork is filed to establish the plaintiff as the personal representative of the estate, there is still the argument that under 28 U.S.C. § 2675, there has not been a properly presented administrative tort claim, and at this time, any such claim would be outside the statutory time limitations. Accordingly, this case should be dismissed as the plaintiff does not have standing to bring a wrongful death action under Florida law.

WHEREFORE, the defendants respectfully request from this Honorable Court that it transfer

Marilyn Echevarría-de Pena v. USA, et al.
Civil No. 11-1388(PG)
Page 8

this case to the U.S. District Court of the State of Florida and/or dismiss it based on the foregoing

jurisdictional arguments.

      I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of

Court using the CM/ECF system which will send notification of such filing to Erick Morales-Pérez,

Esq.

      RESPECTFULLY SUBMITTED in San Juan, Puerto Rico, this 15th day of December, 2011.

          Rosa Emilia Rodríguez-Vélez
          United States Attorney

          S/Fidel A. Sevillano-Del Río
          FIDEL A. SEVILLANO-DEL RIO
          Assistant U.S. Attorney
          U.S.D.C.-P.R. 117812
          Torre Chardón, Suite 1201
          350 Carlos Chardón St.
          San Juan, Puerto Rico 00918
          Tel. (787) 766-5656
          Fax  (787) 766-6219
          E-mail fidel.sevillano@usdoj.gov

36366-069

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency:<br><br>Bureau of Prisons Southeast Regional Office<br>3800 North Camp Creek Parkway, SW., Building 2000<br>Atlanta, GA 30331-6226 | 2. Name, Address of claimant and claimant's personal representative, if any. *(See instructions on reverse.)* *(Number, street, city, State and Zip Code)*<br>Marilyn Echevarría de Peña, Urb. El Comandante. Montenegro St.<br># 610, Carolina, P.R. 00982<br>Law Office of Erick Morales-Pérez, P.O. Box 10409<br>San Juan, P.R. 00922-0409  (787) 605-8000; ekmorpr@yahoo.com |
|---|---|

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. or P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | Sept. 4, 1955 | Widow | October 30, 2008 | 12:30 P.M. |

8. Basis of Claim *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)*

Marilyn Echevarría de Peña is the widow of federal inmate Samuel Peña-Ruiz (26366-069). Mr. Peña-Ruiz was incarcerated at the Federal Correctional Institution in Miami, Florida, where he died on October 30, 2008. The cause of death: Atherosclerotic and Hypertensive Cardiovascular Disease (see attached Autopsy Protocol). Mrs. Echevarría de Peña claims that the BOP failed to exercise reasonable care in regard to the deceased Peña-Ruiz by: (1) failing to assign the deceased to an institution with a proper medical facility; (2) failing to provide the deceased with reasonable medical care while in custody; (3) failing to provide the deceased with proper medical treatment while in custody; (4) failure to provide the deceased emergency medical treatment immediately prior to his death. Due to the above, Mrs. Marilyn Echevarría de Peña claims that the Bureau of Prisons (BOP) was responsible for the wrongful death of her late husband, Samuel Peña-Ruiz. As a result of her husband's death, and as a result of the BOP's negligence, Mrs. Echevarría de Peña has suffered pain and suffering, mental anguish, and emotional distress.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT *(Number, street, city, State, and Zip Code)*

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. *(See instructions on reverse side.)*

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

See paragraph number 8; See, also, "Autopsy Protocol".

| 11. | | WITNESSES | |
|---|---|---|---|
| NAME | | ADDRESS (Number, street, city, State, and Zip Code) | |

| 12. *(See instructions on reverse)* | | AMOUNT OF CLAIM (in dollars) | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL *(Failure to specify may cause forfeiture of your rights.)* |
| | | Samuel Peña-Ruiz, 26366-069 | $1,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT *(See instructions on reverse side.)* | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| X *Marilyn Echevarría de Peña* | (787) 528-4808 | April 27, 2010 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. *(See 31 U.S.C. 3729.)* | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. *(See 18 U.S.C. 287, 1001.)* |

95-109<br>Previous editions not usable.

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85) (EG)<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2

**ATTACHMENT 1**



**MIAMI-DADE COUNTY**
**MEDICAL EXAMINER DEPARTMENT**
Number One on Bob Hope Road
Miami, FL 33136
Phone (305) 545-2400  Fax (305) 545-2439



# AUTOPSY PROTOCOL

PENA-RUIZ, Samuel
October 31, 2008...8:15 A.M.

Case No. 2008-02733

**CAUSE OF DEATH:**

Atherosclerotic and Hypertensive Cardiovascular Disease

Glen Axelson, D.O.
Associate Medical Examiner

Peter A. Gillespie, M.D.
Associate Medical Examiner

Date: November 5 2008

SCR/AAA15/12

THE MIAMI-DADE COUNTY MEDICAL EXAMINER DEPARTMENT, MIAMI, FLORIDA

PENA-RUIZ, Samuel...October 31, 2008...8:15 A.M. ...Case No. 2008-02733

## EXTERNAL EXAMINATION:

The body is that of a well-developed, well-nourished, 5 foot 10 inch and 273 pound white male, who appears the reported age of 53 years. The body is refrigerated, well preserved and not embalmed. Rigor mortis is fully developed. Livor mortis is posterior and fixed. A green plastic Medical Examiner's bracelet around the left ankle has the number "0644." There is a tan tag and a red tag on the right great toe and tan tag and white tag on the left great toe.

The scalp has no injuries and is covered by brown hair. The irides are gray, the sclerae are congested, and the conjunctivae are congested. There are no conjunctival petechiae. The nasal septum is intact. The teeth are natural and in fair condition. Facial hair is in the form of a mustache.

The neck, chest, abdomen, back and extremities have no injuries or deformities. The fingernails are short and intact. The external genitalia are those of a normal uncircumcised adult male. The anus is normal.

A 3 centimeter scar and a 1 centimeter scar are on the right knee. A vertical 16 centimeter scar is on the left knee. A 5 x 3.5 centimeter crescent-shaped scar is on the lateral aspect of the lower portion of the left leg and a 1.5 centimeter scar is on the upper portion of the left leg.

## EVIDENCE OF INJURY:

A 7 centimeter abrasion and a 10 centimeter abrasion are on the left flank.

## EVIDENCE OF MEDICAL INTERVENTION:

Two "Quik-Combo" pads are present: one on the upper portion of the right side of the chest and one on the lower portion of the left side of the chest. Four electrocardiogram pads are present: one on the flexor surface of the left forearm, one on the flexor surface of the right forearm, one on the upper portion of the left leg, and one on the upper portion of the right leg.

## INTERNAL EXAMINATION:

The pleural cavities have no fluid or adhesions. The pericardial sac contains a small amount of clear yellow fluid and has no adhesions. The peritoneal cavity contains minimal amount of clear fluid and has no adhesions.

The heart is 580 grams. The left anterior descending, left circumflex, and right coronary arteries each have up to approximately 50% stenosis by atherosclerosis. The right coronary artery is dominant. The myocardium is brown and has a normal consistency. The left ventricle is 1.6 centimeters thick. The interventricular septum is 1.6 centimeters thick. The right ventricle is 0.4 centimeter thick. The tricuspid, pulmonary, aortic, and mitral valves are thin, pliable, and have no vegetations. The cardiac valve circumferences are as follows: tricuspid valve 11.5 centimeters, mitral valve 10 centimeters, pulmonary valve 5.6 centimeters, aortic valve 7.0 centimeters. The aorta has mild atherosclerosis.

The right lung is 550 grams and the left lung is 440 grams. The surfaces are tan-pink anteriorly,

1

THE MIAMI-DADE COUNTY MEDICAL EXAMINER DEPARTMENT, MIAMI, FLORIDA

PENA-RUIZ, Samuel...October 31, 2008...8:15 A.M. ...Case No. 2008-02733

pink-purple posteriorly, smooth and shiny. The parenchyma is red to dark red and soft. The larynx and trachea are lined by tan and intact mucosa. The pulmonary vessels are patent.

The liver is 2420 grams. It has a smooth and intact capsule. The parenchyma is brown and has a normal consistency. The gallbladder contains 4 milliliters of yellow-green bile and no stones. Its mucosa is yellow-green and velvety. The vessels of the porta hepatis are normal.

The tongue has no bite marks or hemorrhage. The esophagus is lined by tan and intact mucosa. The stomach contains 500 milliliters of brown liquid. The gastric mucosa is tan and intact. The remainder of the intestine has normal external surfaces and no palpable masses. The appendix is normal. The rectum contains green-tan soft stool and has a normal mucosa. The pancreas is tan and lobulated.

The spleen is 220 grams. It has a gray-purple and intact capsule. The parenchyma is dark red and soft.

The right kidney is 230 grams and the left kidney is 210 grams. The surfaces are red-brown and granular. The parenchyma has well-defined corticomedullary junctions. The renal vessels are patent. The ureters have a normal course and caliber. The bladder contains no urine and the bladder mucosa is tan and intact. The testicles are normal. The prostate gland is normal.

The thyroid gland is normal. The adrenal glands are normal.

The anterior muscles and surrounding soft tissues of the neck have no hemorrhage. The hyoid bone and thyroid cartilage are intact.

The musculoskeletal system is well developed. The muscles have a normal color and consistency. The ribs are not brittle. There are no fractures.

There is no scalp or subgaleal hemorrhage. The skull is intact. There is no epidural or subdural hemorrhage.

The brain is 1440 grams. The leptomeninges are thin and transparent. There is no subarachnoid hemorrhage or exudate. The vessels of the circle of Willis are normally formed and have mild patchy atherosclerosis. The cerebral hemispheres are symmetric and the gyri and sulci are normal. Coronal sections of the cerebrum and transverse sections of the cerebellum and brainstem reveal no preexisting lesions or hemorrhage.

AUTOPSY FINDINGS:

1. Moderate coronary artery atherosclerosis.
2. Cardiomegaly (580 grams).
3. Nephrosclerosis.
4. Mild aortic atherosclerosis.
5. Obesity (Body Mass Index = 39.2).

2

THE MIAMI-DADE COUNTY MEDICAL EXAMINER DEPARTMENT, MIAMI, FLORIDA

PENA-RUIZ, Samuel...October 31, 2008...8:15 A.M. ...Case No. 2008-02733

Glen Axelson, D.O.
Associate Medical Examiner

*11-5-08*

Peter A. Gillespie, M.D.
Associate Medical Examiner

SCR/AAA15/12

3



**MIAMI-DADE COUNTY**
**MEDICAL EXAMINER DEPARTMENT**
Number One on Bob Hope Road
Miami, FL 33136
Phone (305) 545-2400  Fax (305) 545-2439



## MICROSCOPIC REPORT

**PENA-RUIZ, Samuel**                    Case No.  2008-02733

Heart: No histopathological changes.
Lung: Vascular congestion and extravasation of blood into some alveolar spaces.
Liver: Mild to moderate steatosis.
Kidney: No histopathological changes.

Glen Axelson D.O.
Associate Medical Examiner

## A SWORN STATEMENT PURSUANT TO 28 USC 1746

I, **MARILYN ECHEVARRIA DE PEÑA**, of legal age, married, Social Security Number,
XXX- XX-6170, Driver's License Number 1666096, proprietor, and a resident of Carolina, Puerto
Rico, formally declare under oath the following:

1. That my personal circumstances are the above mentioned.

2. That I'm the next of kin, and spouse/widow of the late Samuel Peña-Ruiz, federal inmate
number 26366-069, who died on October 30th, 2008, at the Federal Correctional Institution, in
Miami, Florida.

3. That I hereby appoint Legal Counsel, Erick Morales-Perez, Esq. (Florida Bar No. 0750182,
Puerto Rico Bar No. 9970, Tel. No. 787/ 605-8000, Email: ekmorpr@yahoo.com , P.O. Box
10409, San Juan, P.R. 00922) as my legal representative; and, authorize said counsel to handle
all matters, legal or otherwise, and further authorize him to communicate (and make decisions)
with any federal or state official pertaining to my claim against the Bureau of Prisons (BOP)
and/or relating to my deceased husband, Samuel Peña-Ruiz.

4. That I make this statement so that all entities, public or private take notice of the above
statements, and proceed accordingly.

5. That I make this statement truthfully, knowingly and voluntarily, and under the most solemn
oath. In Carolina, Puerto Rico, this April 27th, 2010.


**MARILYN ECHEVARRIA DE PEÑA**

Westlaw.

West's F.S.A. § 768.20

<span style="float:right">Page 1</span>

c

Effective:[See Text Amendments]

West's Florida Statutes Annotated Currentness
  Title XLV. Torts (Chapters 766-774) (Refs & Annos)
    ◀🔳 Chapter 768. Negligence (Refs & Annos)
      ◀🔳 Part I. General Provisions
        ➡➡ **768.20. Parties**

The action shall be brought by the decedent's personal representative, who shall recover for the benefit of the decedent's survivors and estate all damages, as specified in this act, caused by the injury resulting in death. When a personal injury to the decedent results in death, no action for the personal injury shall survive, and any such action pending at the time of death shall abate. The wrongdoer's personal representative shall be the defendant if the wrongdoer dies before or pending the action. A defense that would bar or reduce a survivor's recovery if she or he were the plaintiff may be asserted against the survivor, but shall not affect the recovery of any other survivor.

CREDIT(S)

Laws 1972, c. 72-35, § 1. Amended by Laws 1997, c. 97-102, § 1168, eff. July 1, 1997.

HISTORICAL AND STATUTORY NOTES

Amendment Notes:

Laws 1997, c. 97-102, eff. July 1, 1997: removed gender-specific references applicable to human beings from volume 4 of the Florida Statutes without substantive changes in legal effect.

CROSS REFERENCES

  Guardianship law, see § 744.101 et seq.
  Parties, generally, see Civil Procedure Rule 1.210.
  Survival of actions, generally, see § 46.021.

LAW REVIEW AND JOURNAL COMMENTARIES

Abatement of actions. 4 U.Fla.L.Rev. 392 (1951).

Death acts in Florida. Leo M. Alpert, 10 U.Fla.L.Rev. 153 (1957).

Divorced mother's action. 17 Fla.L.J. 148 (1943).

Inter-spouse tort immunity in wrongful death action. 9 U.Fla.L.Rev. 110 (1956).

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

**ATTACHMENT 2**